**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James B. Curry, Appellant.

Appellate Case No. 2022-001104

———————

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-391
Submitted November 21, 2024 – Filed November 27, 2024

———————

**AFFIRMED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————

**PER CURIAM:** James B. Curry appeals the circuit court's order denying his motion for recusal and forfeiting Curry's earned work, education, or good conduct credits pursuant to section 24-27-200 of the South Carolina Code (2025). On

appeal, Curry argues (1) the circuit court erred by applying section 24-27-200 because that section is only applicable to civil pleadings and actions filed by inmates and (2) the circuit court judge erred by failing to recuse himself from the action after he made an earlier finding Curry asserts was factually unsupported. We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Curry failed to preserve his argument that the circuit court erred in applying section 24-27-200 and forfeiting any earned work, education, or good conduct credits because he did not object or argue against its application at the hearing or in his post-hearing motion.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court].").[1]

2.  We hold the circuit court judge did not err by refusing to recuse himself because Curry failed to show evidence of bias or prejudice that would warrant recusal.  *See Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("It is not sufficient for a party seeking disqualification to simply allege bias; the party must show evidence of bias or prejudice."); *Mallet v. Mallet*, 323 S.C. 141, 147, 473 S.E.2d 804, 808 (Ct. App. 1996) (finding no evidence in the record "to manifest impartiality"); *id.* ("The fact a [circuit court] judge ultimately rules against a litigant is not proof of prejudice by the judge, even if it is later held the judge committed error in his rulings."); *Patel*, 359 S.C. at 524, 599 S.E.2d at 118 (stating South Carolina appellate courts will not reverse a judge's decision not to disqualify himself if there was no evidence of judicial prejudice).

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and HEWITT, JJ., concur.**

---

[1] We express no opinion on the circuit court's application of section 24-27-200.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.